# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PHILLIP GENE WOMACK,** | } |
| Movant/Defendant, | } |
| v. | } Case No.:   2:13-cv-8015-RDP |
| | } 2:11-cr-373-RDP-TMP |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

## MEMORANDUM OPINION

The court has before it the May 2, 2013[1] Motion (Doc. #1) of Phillip Gene Womack to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The United States of America filed a Response (Doc. # 4) to the Motion, requesting that the motion be dismissed as untimely. For the reasons that follow, the court agrees with the United States.

**I.      Procedural History**

On November 17, 2011, Womack entered guilty pleas to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and to one count of possession of child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). (*See* Doc. in case No. 2:11-cr-373-RDP-TMP-1.)  Womack pleaded guilty with the benefit of a plea agreement, and, in accordance with that agreement, counts one and three of the indictment were dismissed. (*See id.* at Doc. # 17.)  Womack was sentenced on March 15, 2012, and judgment was entered on March 26, 2012. (*Id.* at Doc. #33.) Womack did not appeal.

---

[1] Although his motion has a file stamp date of May 6, 2013, Womack is presumed to have filed his Motion as of the date it was signed and placed in the prison mailing system. *See Natson v. United States*, No. 10-13045, 2012 WL 3793000 (11th Cir. Sept. 4, 2012).

On May 2, 2013, Womack filed the instant Motion (Doc. #1) to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Pursuant to the court's May 30, 2013 order (Doc. # 3), the United States filed its Response (Doc. #4) on June 24, 2013. Although Womack had the opportunity to submit additional evidence or legal arguments in reply to the response filed by the government, (*see* Doc. # 5), he has not done so.

**II.    Discussion**

By not pursuing a direct appeal, Womack's conviction became final on April 9, 2012, fourteen (14) days after judgment was entered. *See* Fed.R.App.P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Section 2255(f) requires that a movant file his or her motion within one year of "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f). Therefore, Womack had until April 9, 2013 to file a motion under 28 U.S.C. § 2255. Womack, however, did not file his Motion (Doc. #1) until May 2, 2013. As such, his Motion (Doc. #1) is untimely and due to be dismissed.

With that being said, Womack recognizes the untimeliness of his Motion and attempts to provide some explanation for its late filing. The court recognizes that "in the proper case § 2255's period of limitations may be equitably tolled," *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); however, equitable tolling is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* (citations omitted). Additionally, the court is mindful that equitable tolling is an "extraordinary remedy which is sparingly applied." *Id.* at 1284-85.

Womack has failed to meet the high burden to establish his entitlement to equitable tolling. *See United States v. Jones*, 304 F.3d 1035, 1040 (11th Cir. 2002) (movant bears burden to establish

2

equitable tolling).  Womack first points to his "house arrest and [being] in transit . . . to a BOP 'medical facility' by May 23, 2012, (Doc. #1 at 10) as a reason to excuse the untimeliness of his Motion.  Transit to a prison facility, however, does not constitute extraordinary circumstances – in fact, it is a regular occurrence in every case where a substantial term of imprisonment is imposed.  Additionally, Womack fails to explain why, despite the time in transit, he was unable to file a timely motion through the exercise of due diligence.

Second, Womack states that "problems associated with being sent to a non-medical facility . . . delayed Womack's ability to begin research and facilitate his pro se 2255 motion until after his arrival at Oakdale FCI on 5/23/12." (Doc. # 1 at 10.)  Womack does not explain how his assignment to a non-medical facility impaired his ability to timely file his Motion, nor does he provide a basis for equitable tolling based on any purported medical condition or allegedly necessary course of treatment.[2]  Therefore, Womack's claim for equitable tolling fails as he has not demonstrated extraordinary circumstances that prevented him from filing a timely petition or, assuming such circumstances existed, how he exercised due diligence.

For the foregoing reasons, the court finds Movant's motion (Doc. #1) is due to be dismissed with prejudice as time-barred.  A separate order in accordance with this memorandum opinion will be entered.

---

[2] The existence of a medical condition, in and of itself, is not necessarily a basis for equitable tolling. *See Mazola v. United States*, 294 Fed. Appx. 4820, 482 (11th Cir. 2008) (unpublished) (district court's decision to not allow equitable tolling except for a period of hospitalization not clearly erroneous, where petitioner failed to show that his medical conditions constituted extraordinary circumstances during the time that he was not hospitalized or that he acted diligently); *Lang v. Alabama*, 179 Fed. Appx. 650, 651 (11th Cir. 2006) (unpublished) (rejecting equitable tolling argument based on medical conditions where petitioner had anal cancer and triple bypass surgery since petitioner never demonstrated that the medical conditions were sufficiently debilitating to constitute extraordinary circumstances and failed to show due diligence).

**DONE** and **ORDERED** this ____7th_____ day of February, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE